UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ISAAC HARRIS,

        Plaintiff,                  Case No. 23-cv-13082

v.                                  HON. MARK A. GOLDSMITH

MICHIGAN DEPARTMENT OF
CIVIL RIGHTS et al.,

        Defendants.
_____/

**OPINION & ORDER
(1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Dkt. 22) AND (2) GRANTING DEFENDANTS' MOTION TO DISMISS (Dkt. 16)**

Before the Court is Magistrate Judge David Grand's report and recommendation (Dkt. 22), which recommends that the Court grant Defendants' motion to dismiss (Dkt. 16). Plaintiff John Harris filed an objection (Dkt. 23). Defendants filed no response.[1]

For the reasons set forth below, the Court adopts the R&R and grants the motion to dismiss.

## I. BACKGROUND

The full relevant factual background is set forth in the magistrate judge's R&R. See R&R at PageID.896–905.

Plaintiff John Harris was a graduate student in Eastern Michigan University's Master of Public Administration program. After being terminated from the program, he claimed that certain professors had conspired to fail him out of the program. R&R at PageID.897. He claimed he was also subject to racial discrimination and retaliation for engaging in protected activity. Id. Prior to

---

[1] Defendants include the Michigan Department of Civil Rights (MDCR), the Michigan Civil Rights Commission, and employees of those entities.

1

filing the instant action, he had sought relief through multiple avenues, including efforts with the U.S. Department of Education and the MDCR, as well as litigation in state and federal courts. Id. at PageID.897–898 (citing Harris v Morris, No. 17-1373, 2017 WL 8776683 (6th Cir. 2017)).

The instant suit grows out of the complaint that he had filed regarding these matters with the MDCR. He claims that the department and individuals within the department improperly handled the complaint, resulting in its dismissal. Defendants filed a motion to dismiss, which the R&R urges this Court to grant. The magistrate judge reasoned that the Eleventh Amendment barred any claims against the MDCR and the Michigan Civil Rights Commission. Id. at PageID.907–908. The magistrate judge also urged dismissal of the claims against the individual defendants based on qualified immunity. Id. at PageID.908–914. He explained that the due process claim failed because there is no cognizable claim for the mishandling of a discrimination complaint. Id. at PageID.910–913 (citing Milhous v. Equal Emp. Opportunity Comm'n, 145 F.3d 1332 (6th Cir. 1998)). And certainly, then, there was no "clearly established" right violated by the individual Defendants—a prerequisite to overcome the qualified immunity defense. R&R at Page ID.909 (citing Bell v. City of Southfield, 37 F.4th 362, 367–368 (6th Cir. 2022)). The equal protection claim failed because there were no facts showing that non-Black comparators were treated differently throughout the MDCR investigative process. Id. at Page ID.913–914.

## II. ANALYSIS

The Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.") (punctuation modified).

Harris's objection presents no viable response to the R&R.  For one thing, there is no particular part of the R&R to which Harris objects, which is a fatal defect.  See Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991) (holding that an "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection).  While the rambling document purports to delineate distinct objections, they are not objections to the findings and conclusions with the R&R.  They are accusations that the magistrate judge violated the code of conduct for judicial officers in a variety of ways or unreasonably delayed proceedings.  See Obj. at PageID.930–935.  The overall theme of the objection is that the magistrate judge has a "deep-seated favoritism or antagonism" and has "refused to follow federal and civil procedures . . . ."  Id. at PageID.918.  The same theme runs through Harris's supplemental filing (Dkt. 24).

None of these issues is a proper subject for an objection to an R&R.  A litigant who believes a judicial officer is not conducting himself or herself in accordance with the judicial code of conduct has avenues available to pursue.  But an objection to an R&R must focus on what error it reveals a magistrate judge has made.   Harris's objection fails to do this.

### III.  CONCLUSION

The Court has reviewed the R&R and concludes that it correctly analyzed the motion to dismiss and reached the proper conclusion.  The Court adopts the recommendation in the R&R (Dkt. 22) and grants the motion to dismiss (Dkt. 16).

SO ORDERED.

Dated: September 27, 2024                         s/ Mark A. Goldsmith
        Detroit, Michigan                                     MARK A. GOLDSMITH
                                                                      United States District Judge